UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **GEORGE KERSEY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Civil Action No. 24-11713-FDS** |
| **CHEWY CORPORATION,** | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

Plaintiff George Kersey, who is proceeding *pro se*, has filed a complaint without payment of the filing fee. For the reasons stated below, the Court will dismiss this action as barred by the doctrine of claim preclusion.

### I. Background

George Kersey, a resident of Chestnut Hill, Massachusetts, filed a one-page, handwritten complaint. (Compl.). The case caption identifies the sole defendant as Chewy Corporation, an online pet-supply company. (*Id.*). The complaint alleges that plaintiff "is an owner of the Common Law Trademark 'Temptations'" and that the defendant "is infringing Plaintiff's trademark 'Temptations' on the product it sells.'" (*Id.* at ¶¶ 1, 2). It alleges that Chewy is headquartered in Florida, and invokes this Court's "diversity jurisdiction." (*Id.* at ¶¶ 3, 4). It alleges that plaintiff "is entitled to punitive damages of $1,000,000." (*Id.*). Plaintiff states that his "Pauper Affidavit is on file." (*Id.* at ¶ 5).

The Court's records indicate that this is the second case Kersey has filed in the court against defendant Chewy. *See Kersey v. Chewy Inc.*, C.A. No. 24-10709-ADB (dismissed with prejudice for failure to state a claim upon which relief may be granted and court certified that any appeal would not be taken in good faith), *appeal filed*, No. 24-1464 (1st Cir).

**II.    Analysis**

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).[1]

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of claim preclusion applies when there is "(1) a final judgment on the merits in an

---

[1] Plaintiff is a former attorney who was disbarred in New Hampshire and Massachusetts. *See In re George E. Kersey*, 444 Mass. 65 (2005); *see also Kersey v Becton Dickinson & Co.*, No. 16-10495-LTS, 2016 WL 4492867, at *2 (D. Mass. Aug. 25, 2016).

earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Foss v. Marvic, Inc.*, 103 F.4th 887, 891 (1st Cir. 2024) (citations omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (citing *Bezanson v. Bayside Enterps., Inc., In re Medomak*, 922 F.2d 895, 904 (1st Cir.1990)).

Here, the elements of claim preclusion are satisfied.  Plaintiff's present claim arises out of the same transactions and occurrences that were the subject of his previous action in this court, therefore the claim is barred by the doctrine of claim preclusion.

Although the court generally grants a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile.  *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted").  Amendment here would clearly be futile, as the bar of claim preclusion could not be cured by amendment of the complaint.

Accordingly, the case will be dismissed.

## IV. Conclusion

For the foregoing reasons, it is hereby ordered as follows:

1. The action is DISMISSED.
2. Kersey is WARNED that if he brings a further trademark-infringement claim against defendant Chewy Corporation, he may be sanctioned, including but not limited to

monetary sanctions and enjoinment from filing actions in this district without leave of court.

3. The clerk is directed to enter a separate order of dismissal.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV  
                                                F. Dennis Saylor IV  
Dated: July 16, 2024                         Chief Judge, United States District Court